*H. C. Newcomb, J. Tarkington* and *J. G. Burkshire,* for appellant.

———————————◆———————————

## Nelson *v.* McPike and Another.

DRAFT—SUBSTITUTE.—Suit upon a note and to foreclose a mortgage.  Answer, that the defendant having been drafted to serve in the army for nine months, agreed with the plaintiff to pay him $300 if he would go as his substitute, and serve the United States as a soldier for nine months, and executed to him the note sued on for a part of said sum; that the plaintiff, after remaining in camp a few weeks, deserted and fled to parts unknown.

*Held,* that a demurrer to the answer was correctly overruled.

*Held,* also, that though the defendant was released from the effect of the draft by the acceptance of the plaintiff as his substitute, he was also interested that the plaintiff should serve the country as a soldier, as he had agreed, and was entitled to defend on failure of this part of the consideration.

APPEAL from the *Boone* Common Pleas.

FRAZER, J.—This was an action by the appellant to foreclose a mortgage given to secure a promissory note for $200. Answer, that the defendant, McPike, was drafted to serve nine months in the military service of the United States; that in consideration of the note, and $100 in cash, the plaintiff agreed to enter the army as a substitute for the defendant, and serve the United States as a soldier for nine months; that the plaintiff was duly mustered in as such substitute, and after remaining in camp a few days, without the knowledge or consent of the defendant, deserted and fled to parts unknown, and has never returned to the service, and still remains a deserter, wherefore the consideration for the note has failed. A demurrer to the answer was overruled. Reply: 1st, general denial; 2d, a paragraph simply amounting to a denial, which need not be further noticed. The issue was found for the defendant; motion for a new trial overruled, and judgment for the defendant.

1. Was the answer good? This question is not seriously pressed in argument, and we therefore content ourselves by saying that the demurrer was properly overruled.

2. Does the evidence sustain the finding? It establishes the truth of every word of the answer, and especially that the plaintiff contracted with the defendant to serve the country faithfully for nine months as a soldier, and that, at the first opportunity, he deserted his flag, and fled, no one knows where. But it further appears, that before deserting he availed himself of an opportunity given to drafted men and substitutes to volunteer for one year.

It is argued, that the defendant having been released from his obligation to serve as a drafted man, cannot set up the subsequent desertion of the plaintiff, though in direct violation of the express contract which constituted the consideration of the note, because it was no injury to him. We cannot give assent to such a proposition. The defendant had two interests to subserve, and it was perfectly

competent and proper for him to contract concerning both. One of these was to relieve himself from the personal performance of the military service that was incumbent upon him; the other was to furnish his country with a soldier who would faithfully serve her. It would be a positive reproach to our laws, if they did not regard the latter as of sufficient consequence to enforce a contract having reference to it. In the present case, actual service in the army was expressly contracted for, and that contract is wholly unperformed by the plaintiff. With $100 of the money of the defendant already in his pocket, the deserter asks $200 more. The court below properly refused to give it. We are not a little surprised that he should have hoped to recover in such a case.

The judgment is affirmed, with costs.

*A. J. Boone,* for appellant.

*Hamilton* and *Galvin,* for appellees.

